UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY SIVAK ,<br><br>                Plaintiff,<br><br>     v.<br><br>PARDONS AND PAROLE COMMISSION,<br><br>                Defendant. | Case No. 1:24-cv-00574-BLW<br><br>**INITIAL REVIEW ORDER** |

Plaintiff Lacey Sivak is an Idaho prisoner. Plaintiff describes his pleading as a "Petition for Medical Parole" under Idaho Code § 20-1006, claiming he is permanently incapacitated and should be released from prison. *See* Dkt. 1 at 1. However, the Court has no authority to grant a state inmate's request for parole.

The Court lacks diversity jurisdiction over any such claim because the parties are not citizens of different states. *See* 28 U.S.C. § 1332. The Court also lacks federal question jurisdiction because an action brought pursuant to Idaho Code § 20-1006 does not arise under federal law. *See* 28 U.S.C. § 1331.

Therefore, the Court will construe the initial pleading as asserting federal claims under the Court's federal question jurisdiction and will review the pleading to determine whether Plaintiff may proceed.

**INITIAL REVIEW OF PLEADING**

The Clerk of Court conditionally filed Plaintiff's initial pleading because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed.

If the pleading is construed as a civil rights complaint under 42 U.S.C. § 1983, then it is subject to screening by the Court under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Those statutes require that the Court dismiss any claims filed by inmates (or by plaintiffs seeking in forma pauperis status) that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

If Plaintiff's pleading is construed as a petition for writ of habeas corpus, then it is subject to screening by the Court under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Rule 4 requires dismissal if "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Habeas Rules may be applied to habeas corpus cases brought under statutes other than § 2254, such as the general habeas statute, 28 U.S.C. § 2241. *See* Habeas Rule 1(b).

Civil rights claims and habeas claims must be based on a violation of federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) ("[T]he requirements for relief under section 1983 have been articulated as: (1) a violation

of rights *protected by the Constitution or created by federal statute*, (2) proximately caused (3) by conduct of a person (4) acting under color of state law.") (emphasis added) (internal quotation marks omitted); 28 U.S.C. § 2241(c) (providing for habeas relief for a person "in custody in violation of the Constitution or laws or treaties of the United States"). As explained below, Plaintiff's pleading does not assert such a violation. Accordingly, whether the claims are construed as civil rights claims or habeas claims, they must be dismissed as noncognizable.

1. **Discussion**

The only potential federal claim that can be construed from Plaintiff's allegations is that he is entitled to medical parole under the Due Process Clause of the Fourteenth Amendment. That clause prohibits state action that deprives a person of life, liberty, or property without due process of law, but a person cannot obtain relief on a due process claim unless he demonstrates that he was deprived of one of these protected interests. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989).

As to release on parole, there is "no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Therefore, an inmate may challenge a decision to deny parole only when there is a *state-created* liberty interest in parole. *Id.* If a state statute

governing parole "contains mandatory language and imposes substantive limitations on the discretion of those making the parole decision," then an inmate has a state-created liberty interest in parole and may bring a procedural due process challenge to a parole decision. *Moor v. Palmer*, 603 F.3d 658, 661 (9th Cir. 2010).

In *Banks v. State of Idaho*, 920 P.2d 905, 908 (Idaho 1996), the Idaho Supreme Court held that there is no state-created liberty interest in parole in Idaho. *Banks* acknowledged the existence of Idaho Code § 20-223, which, at the time, contained the phrase "a parole shall be ordered … when" the Commission deemed the inmate no longer posed a threat to society. *Id*. at 907 (emphasis omitted). However, the court did not find that "shall" language controlling in the liberty interest analysis. Rather, the state supreme court relied on Idaho Code § 19-2513—which governs sentencing—noting that it does not contain mandatory language, but instead provides that "[t]he offender *may* be considered for parole or discharged at any time during the indeterminate part of the sentence." *Id*. at 889.

The medical parole statute in Idaho provides that the Idaho Commission of Pardons and Parole "*may* parole an inmate for medical reasons only when the prisoner is permanently incapacitated or terminally ill and when the commission reasonably believes the prisoner no longer poses a threat to the safety of society." Idaho Code § 20-1006(1) (emphasis added). Like the statutory language discussed in *Banks*, the language of § 20-1006 is not mandatory, but instead grants the

Commission the discretion to decide whether to grant medical parole to an inmate. *See Moor*, 603 F.3d at 661. As such, § 20-1006 does not create a liberty interest protected by the Due Process Clause.

Because Plaintiff has no federal or state-created liberty interest in medical parole, any due process claims must be dismissed whether they are construed as civil rights claims or habeas claims.

**2.      Opportunity to Amend**

The Court now considers whether to allow Plaintiff an opportunity to amend. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. It is clear from the face of the pleading that Plaintiff has not asserted a violation of federal law and that the Court lacks jurisdiction over any state law claims. Therefore, the Court will dismiss this case without leave to amend.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 3) is GRANTED.

2. This action is DISMISSED for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b); Habeas Rule 4. The dismissal will be without prejudice to Plaintiff's asserting his claims in state court.

3. To the extent a certificate of appealability is required to appeal this decision, the Court declines to issue one. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: December 30, 2024

_____
B. Lynn Winmill
U.S. District Court Judge